# IN THE COURT OF APPEALS OF IOWA

No. 14-0499
Filed November 23, 2016

**THANH DAO,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Rebecca Goodgame Ebinger, Judge.

The applicant appeals from the dismissal of his third application for postconviction relief. **AFFIRMED.**

Beau A. Bergmann of Bergmann Law Firm, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**DANILSON, Chief Judge.**

Thanh Dao appeals from the dismissal of his third application for postconviction relief (PCR). Because Dao's claims recently have been addressed and rejected by our supreme court in *Nguyen v. State*, 878 N.W.2d 744 (Iowa 2016), a case dealing with Dao's co-defendant and raising the same issues, we affirm.

> "Generally, an appeal from a denial of an application for postconviction relief is reviewed for correction of errors at law." However, "[u]nder both the State and Federal Constitutions, ineffective-assistance-of-counsel claims are reviewed de novo." We review these claims de novo because they are based on the constitutional guarantees of the effective assistance of counsel found in the Sixth Amendment of the U.S. Constitution and article I, section 10 of the Iowa Constitution.
>
> Ineffective-assistance-of-counsel claims are not bound by traditional rules of error preservation. "To the extent error is not preserved on an issue, any objections must be raised within an ineffective-assistance-of-counsel framework."

*Nguyen*, 878 N.W.2d at 750 (citations omitted).

We summarized much of the procedural background in *Dao v. State*, No. 10-0844, 2013 WL 100145, at *1 (Iowa 2013):

> Thanh Dao was convicted of first-degree murder, in violation of Iowa Code section 707.2 (1997). The State alleged Dao and a co-defendant had participated in the drive-by fatal shooting of Monty Thomas. Dao was tried under alternative theories of (1) deliberation, premeditation, and specific intent to kill (section 707.2(1)), and (2) felony murder (section 707.2(2)), with the underlying felony being terrorism.[1] He was sentenced to life imprisonment on April 23, 1999. The conviction was affirmed on direct appeal. *State v. Dao*, No. 99-0727, 2001 WL 246444 (Iowa Ct. App. Mar. 14, 2001). Procedendo was issued on June 28, 2001.
>
> Dao filed an application for postconviction relief on November 15, 2001, claiming ineffective assistance from trial and appellate counsel. The district court denied his application. Dao's

---

[1] Now titled "Intimidation with a dangerous weapon." Iowa Code § 708.6 (2015).

appeal therefrom was dismissed as frivolous under Iowa Rule of Appellate Procedure 6.1005. Procedendo for that appeal was issued on July 21, 2006.

Dao filed a second application for postconviction relief on April 14, 2009, again asserting ineffective assistance of trial counsel for failure to object to the felony-murder jury instructions and its submission as an alternative offense. His application is predicated on the Iowa Supreme Court's ruling on August 25, 2006, in *State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006), which overruled prior cases that had held an act constituting willful injury, causing the victim's death, could serve as the predicate felony for felony-murder purposes. The court stated, "We now hold that, if the act causing willful injury is the same act that causes the victim's death, the former is merged into the murder and therefore cannot serve as the predicate felony for felony-murder purposes." *Heemstra*, 721 N.W.2d at 558.

The State filed a motion for summary disposition of Dao's second application for postconviction relief upon the ground that it was untimely under Iowa Code section 822.3. The district court concluded Dao's application had been filed more than three years after procedendo issued from his direct appeal, and he had not set forth a ground of fact or law that could not have been raised during the three-year time period. *See* Iowa Code § 822.3. Accordingly, the second application was dismissed as untimely.

We affirmed the dismissal of the second PCR application. *Dao*, 2013 WL 100145, at *3. His PCR counsel failed to inform him of this court's ruling, and thus Dao was not able to seek further review.

Dao filed this third PCR application on July 17, 2013, asserting his second PCR counsel was ineffective in failing to inform him of his right to seek further review, and additionally reasserting arguments that his PCR applications were not time barred, the failure to give retroactive effect to *Heemstra* violates the Equal Protection Clause of the United States Constitution, as well as the equal protection, due process, and separation of powers clauses of the Iowa Constitution.

Dao must prove both that postconviction counsel failed in an essential duty and that prejudice resulted. *Nguyen*, 878 N.W.2d at 752. Even if Dao's claims were not time-barred and second PCR counsel failed in an essential duty, the merits of the constitutional claims Dao propounds have been rejected by our supreme court and thus he cannot prove prejudice.

In *Goosman v. State*, 764 N.W.2d 539, 545 (Iowa 2009), our supreme court held the Due Process Clause of the United States Constitution does not require the retroactive application of *Heemstra* to individuals whose direct appeals were final prior to the decision.

Our supreme court also recently held "nonretroactive application of *Heemstra* does not violate the due process, separation of powers, or equal protection clauses of the Iowa Constitution or the Equal Protection Clause of the United States Constitution." *Nguyen*, 878 N.W.2d at 758-59. Because Dao's constitutional claims fail, we affirm.

**AFFIRMED.**